# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.  4:19-CR-00556-JM
 4:21-CV-00636-JM

MACARENA TREVINO

## ORDER

For the reasons set out below, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 34) is DENIED.

### I.   BACKGROUND

On July 22, 2020, Petitioner pled guilty to possession with intent to distribute more than 500 grams of methamphetamine.[1] On November 1, 2020, she was sentenced to 120 months in prison.[2] Petitioner did not appeal her sentence.

Petitioner asserts claims for ineffective assistance counsel, because her lawyer (1) did not file an appeal; (2) failed to challenge the quantity and purity of the methamphetamine; and (3) did not ask for the "safety valve."  Petitioner also assert that her plea was involuntary.[3]

### II.   DISCUSSION

To prevail on a claim of ineffective assistance of counsel, Petitioner must first show that her lawyer's performance fell below an objective standard of reasonableness.[4]  She must identify

---

[1] Doc. Nos. 24, 25.

[2] Doc. Nos. 31, 32.

[3] Doc. No. 34.

[4] See *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Larson v. United States*, 833 F.2d 758, 759 (8th Cir. 1987).

1

the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment.[5]  Then, the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[6]  Petitioner faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[7]

If Petitioner establishes deficient performance by counsel, she still must establish prejudice.[8]  This requires Petitioner to demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[9]

So, the test has two parts: (1) deficient performance, and (2) prejudice.  If Petitioner fails to establish either part of this test, I need not consider the remaining part of the test.

   A.   **Deficient Performance**

      1.   **No Appeal**

Petitioner asserts that her lawyer "failed to file a notice of appeal after sentencing when [he] asked was there anything else that could be done."[10]  "An attorney's failure to file a notice

---

[5]*Strickland*, 466 U.S. at 690.

[6]*Id.*

[7]*Id.* at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

[8]*Strickland*, 466 U.S. at 694.

[9]*Id.* ("A reasonable probability is a probability sufficient to undermine confidence in the [proceeding's] outcome."); *Larson*, 833 F.2d at 759.

[10]Doc. No. 34.

of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief."[11]  However, a petitioner must establish that she directed her lawyer to file an appeal.  Petitioner alleged only that no appeal was filed, not that she directed her lawyer to file an appeal and he failed to do so.  This is insufficient to state a claim.

### 2.     Drug Quantity

Petitioner asserts that her lawyer failed to "challenge the quantity and purity of the state drug that could be attributed" to her.[12]  However, her plea agreement specifically set out that she was to be held responsible for over 4.5 kilograms of methamphetamine, which resulted in a base offense level of 38 (the highest on the guidelines chart).  Additionally, she admitted to possessing over 4.5 kilograms of methamphetamine when she pled guilty, and did not raise the issue at plea or sentencing when asked if she was satisfied with her lawyer.  Notably, when she was arrested, Petitioner was driving a car that contained over 10 kilograms of methamphetamine, so it is not clear how challenging the quantity of the drugs would have resulted in a different outcome.  Finally, her lawyer did argue about the weight and purity at sentencing.  Accordingly, Petitioner is unable to establish deficient performance for objecting to the amounts and purity of the methamphetamine.

### 3.     Safety Valve

Petitioner contends that her lawyer failed to ask for the safety valve. This argument is without merit because Petitioner was awarded -2 for the safety valve.

### B.     Prejudice After a Guilty Plea

Assuming there was deficient performance (there was not), Petitioner cannot

---

[11] *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000).

[12] Doc. No. 34.

establish prejudice. "Where the conviction was entered on the basis of a guilty plea . . . the convicted defendant must demonstrate that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[13]

Petitioner has not asserted that she would not have pled guilty, but for her lawyer's alleged errors.

### C. Involuntary Plea

Petitioner asserts that her plea was not knowing and voluntary. However, she makes only this conclusory allegation, without any supporting evidence or facts. Furthermore, her assertion is belied by both her statements at the plea and sentencing. At the plea hearing, Petitioner testified that she was happy with her lawyer, she had read the plea agreement, and she twice said that pleading guilty pursuant to the plea agreement was in her best interest. Additionally, she confirmed that no promises or threats had been made to get her to plead guilty. Petitioner also confirmed that the facts read by the government were true and that she was guilty. At sentencing, Petitioner again testified that she was satisfied with her lawyer and that she did not want to withdraw her guilty plea. Based on the record as a whole, Petitioner has failed to establish that her plea was involuntary.

### CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 34) is DENIED.

IT IS SO ORDERED this 22nd day of July, 2021.

_____
UNITED STATES DISTRICT JUDGE

---

[13]*Matthews v. United States*, 114 F.3d 112, 114 (8th Cir. 1997) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).